THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG CROSBY and CHRISTOPHER JOHNSON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | CASE NO. C21-1083-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to dismiss and to strike (Dkt. No. 21). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained below.

I.   **BACKGROUND**

Plaintiffs allege, in a putative class action, that Amazon Warehouse Deals, a division of Defendant, regularly engages in deceitful direct sales[1] of defective lithium-ion 18650 batteries. (*See generally* Dkt. No. 1.) Plaintiffs assert that the batteries do not contain their claimed energy capacity, measured in milliamp-hours (mAh) or amp-hours (Ah), and are prone to overheating,

---

[1] Meaning, not on behalf of third parties. (*See* Dkt. No. 1 at 5.)

catching fire, and/or exploding. (*See id.* at 8–13.) They further assert that Defendant is aware of these deficiencies but actively conceals them from consumers. (*Id.*) Plaintiffs, who purchased some of these batteries, bring two claims: a cause of action for violations of the Washington Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86.010 *et seq.*, and a claim seeking a declaratory judgment that Defendant's practices violate the CPA. (*Id.* at 19–20.) In response, Defendant moves to dismiss and/or strike Plaintiffs' class allegations. (*See generally* Dkt. No. 21.)

## II.    DISCUSSION

### A.    Motion to Dismiss

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See generally* Dkt. No. 21 at 12–20.) It argues that the complaint fails to state a claim because (a) it does not satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b), and (b) it does not plausibly allege the causation and injury elements necessary for a CPA claim. (*Id.*)

#### 1.    Legal Standard

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2011). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In reviewing a motion to dismiss, the Court accepts the truth of the facts alleged and draws all reasonable inferences from those facts in the plaintiff's favor. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). Although Rule 12(b)(6) requires the plaintiff to plead "detailed factual allegations," the allegations in the complaint must also cross "the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2. Rule 9(b)

A party alleging fraud must state with particularity the underlying circumstances of that fraud. Fed. R. Civ. P. 9(b). This is often described as Rule 9(b)'s "who, what, when, where, and how" requirements. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997). The purpose of the rule is "to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal citation and quotation marks omitted). Even where fraud is not an element of a claim, if a plaintiff nonetheless frames the claim as a course of fraudulent conduct, the claim "'sound[s] in fraud' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (internal citation omitted).

The parties debate whether Rule 9(b)'s requirements are triggered in this instance. (*Compare* Dkt. No. 25 at 18–21, *with* Dkt. No. 26 at 8–9.) But the Court need not reach the issue. It is clear that the complaint satisfies the heightened standard. In reply, Defendant challenges Plaintiffs' compliance with only two aspects of Rule 9(b)'s particularity requirements: the "what" and the "who" of the alleged fraud. (*See* Dkt. No. 26 at 9–11.) As to the "what," Plaintiffs allege they made eleven purchases of deceptively advertised batteries. (Dkt. No. 1 at 14.) In the table summarizing these purchases, which is included in the complaint, Plaintiffs provide all the relevant details, including the claimed and actual mAh of each battery purchased. (*See id.* at 14–18). This is all that is required to satisfy Rule 9(b). *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (describing "relaxed" rule in cases of alleged corporate fraud). As to the "who," the complaint alleges that Amazon Warehouse Deals, a "division or arm" of Defendant, is "responsible for the sale, marketing, and advertisement of the defective lithium-ion batteries and products [that] contain [those batteries]." (Dkt. No. 1 at 5; *see also id.* at 14–18 (chart of offending purchases, noting each as a direct sale from Defendant).) Like with the "what," this is all that is required to satisfy Rule 9(b) as to the "who." *See Kearns*

*v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

        2.      <u>Injury and Causation</u>

To establish a CPA claim, a plaintiff must allege: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) impacting the public interest; (4) an injury to business or property; (5) that is proximately caused by the unfair or deceptive act. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (1986). Defendant challenges the final two elements. (*See* Dkt. No. 21 at 15–20.) It posits that Plaintiffs purchased the allegedly defective batteries solely to confirm that they were defective, and then file suit, rather than because they intended to use the batteries. (Dkt. Nos. 21 at 16–20, 26 at 11–15.) As a result, Defendant argues, (a) Plaintiffs were not injured by its actions because any injury is "entirely self-inflicted," and (b) Defendant's actions, even if deceitful, cannot not be the proximate cause of an injury since Plaintiffs never intended to use the batteries as advertised. (Dkt. Nos. 21 at 16–20, 26 at 11–15.)

In support for its argument, Defendant points to a similar suit Plaintiffs filed in the Northern District of California, which that court stayed pending arbitration. *See Crosby v. Amazon.com Inc.*, 2021 WL 3185091, slip op. at 5 (C.D. Cal. 2021). According to Defendant, this is sufficient to make Plaintiffs' allegations regarding injury or causation implausible. (Dkt. No 21 at 10, 16–17.) The Court disagrees. Granted, it cannot reasonably be questioned that Plaintiffs filed this suit approximately four months after that suit, did so based on purchases made subsequent to that decision, and only after Defendant dropped the arbitration provision from its Conditions of Use. (*See* Dkt. No. 1 at 4–5, 14–18.) But nothing in Plaintiffs' complaint in this case or in that case, *see Crosby v. Amazon.com Inc.*, Case No. C20-8003-SWR, Dkt. No. 1 (N.D. Cal 2020),[2] unequivocally demonstrates what Plaintiffs' intent was in purchasing the batteries at issue in this suit. And it would be improper for the Court to speculate what Plaintiffs'

---

[2] The earlier complaint is properly subject to judicial notice. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

intent may have been, at least for purposes of dismissing this suit. *See Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014) (reasonable inferences must be drawn in a plaintiff's favor).

### B.  Motion to Strike

Defendant also moves to strike Plaintiffs' class allegations pursuant to Federal Rule of Civil Procedure 12(f). (*See generally* Dkt. No. 21 at 20–25.) While, ordinarily, this is an issue best addressed at the certification stage, the Court can make a preliminary determination as to whether the class is facially deficient. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009). Defendant asks the Court to do so here. (*See* Dkt. No. 21 at 20.)

In their complaint, Plaintiffs propose the following class:

> All individuals or organizations that purchased lithium-ion 18650 batteries or products containing lithium-ion 18650 batteries from [Defendant] after May 3, 2021 until the date of class certification.

(*Id.* at 6.)  It is undisputed that an 18650 battery is simply a battery with the following dimensions: 18 millimeters in diameter and 65 millimeters in length. (*See* Dkt. No. 21 at 11.) Therefore, some 18650 batteries sold by Defendant during the relevant period may have been defective, but many likely were not. (*See id.* at 20–22.) Similarly, some of the buyers may have been injured and some were not. (*Id.*) Yet only injured buyers would have standing to sue and could, properly, be a member of the class. *See Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1152 (N.D. Cal. 2010).

Given the ubiquity of this type of battery, and the varied characteristics of batteries containing these dimensions, Defendant argues that a class based solely on a purchase of the battery would be overbroad. (Dkt. No. 21 at 20.) Defendant also takes issue with commonality, arguing that there are too many individual questions regarding Defendant's allegedly deceptive representations and omissions, the nature of the alleged injuries, and causation. (*Id.* at 22–25.) While the Court is less concerned about the commonality issue, it has reservations regarding the breadth of the proposed class. A significant portion, as presently proposed, likely lacks standing, and simply later revising the class to include only those injured parties may violate the

1  prohibition against a fail-safe class. *See Cashatt v. Ford Motor Co.*, 2021 WL 1140227, slip op.

2  at 3 (W.D. Wash. 2021). Nevertheless, those concerns are not sufficient for the Court to conclude

3  that the class is facially deficient. These are issues better left for class certification. *See Vinole.*,

4  571 F.3d at 942 (the preferred approach is to "afford the litigants an opportunity to present

5  evidence as to whether a class action [i]s maintainable.").

## III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss and to strike (Dkt. No. 21) is DENIED.

DATED this 7th day of December 2021.

_[signature: John C. Coughenour]_

John C. Coughenour
UNITED STATES DISTRICT JUDGE