THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG CROSBY and CHRISTOPHER JOHNSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | CASE NO. C21-1083-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to compel (Dkt. No. 41), asking the Court to compel Defendant Amazon.com, Inc. ("Amazon") to produce documents responsive to Plaintiffs' first set of requests for production ("RFPs"), dated February 8, 2022. (*See* Dkt. No. 42-1.) The contested RFPs are Nos. 1–30, 36–47, and 50–64. (Dkt. No. 41 at 16.) Amazon objects to the vast majority on the bases of "overbreadth, irrelevance, lack of proportionality, and undue burden." (Dkt. No. 43 at 6.) This is the second discovery dispute presented by the parties to this Court. (*See* Dkt. Nos. 33, 38, 40.) As it has repeatedly indicated in the past, discovery motions are strongly disfavored. *See, e.g.*, *Est. of Jensen by Dow v. County of Snohomish*, WL 3418800, slip op. at 1 (W.D. Wash. 2021). Nevertheless, the Federal Rules of Civil Procedure allow a party to move the Court to compel an opponent to produce discoverable information, and the Court will discharge this obligation accordingly.

Rather than rule on each disputed RFP, the Court will articulate general guidelines and parameters for the parties to follow, and DIRECTS the parties to *again* engage in a good faith meet and confer following receipt of this guidance to resolve any remaining disputes. If the parties are unable to resolve all remaining issues, and Court involvement remains necessary, the parties may utilize an expedited supplemental briefing schedule, as described below, to resolve those disputes.

I.    **SCOPE OF PRESENT DISCOVERY**

1. The Court LIMITS the scope of discovery pre-certification to the class certification issue. Merits discovery is not yet permitted, unless the information sought is also necessary to support class certification.

2. The Court NOTES that Mr. Craig Crosby and Mr. Christopher Johnson, the named plaintiffs, suffered only the alleged injury of purchasing batteries with a lower-than-advertised battery capacity. (Dkt. No. 1 at 4–5, 13–16.) The batteries they purchased did not explode or ignite due to their lack of the advertised safety features. (*Id.* at 12–16.) Therefore, batteries with certain advertised safety issues are not discoverable for purposes of class certification.[1] As a result, Defendant's responses to Plaintiffs' RFPs may be limited to the following products:

    a. All lithium-ion 18650 batteries and products containing lithium-ion 18650 batteries, to the extent those batteries are specifically referenced in

---

[1] Federal Rule of Civil Procedure 23(a) requires named plaintiffs to "possess the same interest and suffer the same injury as the class members." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011) (internal citations omitted). As currently pled, Plaintiffs' lack of injuries from the falsely advertised safety features raises concerns about predominance, commonality, and adequacy of representation. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 609–10 (1997). While Federal Rule of Civil Procedure 26(b)(1) undoubtedly permits the scope of discovery to reach class certification issues, the Court REMINDS Plaintiffs that "using discovery to find a client to be the named plaintiff before a class action is certified is not within the scope of Rule 26(b)(1)." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 540 (9th Cir. 2020) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978)).

Defendant's advertising and so long as those batteries have a specifically advertised energy capacity in milliamp-hours or amp-hours in Defendant's advertising. The Court finds these to be "substantially similar" to the products purchased by the named plaintiffs. *See Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620, 626 (N.D. Cal. 2013). However, as Defendant indicates, "some of the products Plaintiffs identify . . . do not contain the word '18650' in the product description or title." (Dkt. No. 45 at 3–4.) At least for purposes of discovery supporting class certification, Defendant need only capture products with "18650" in the advertised product name and/or description.

## II. MEET AND CONFER

1. The parties are INSTRUCTED to meet and confer within fourteen (14) days of this order in an effort to resolve the remaining disputes identified in the parties' briefings, consistent with the guidance provided above.
2. If the parties are unable to arrive at an agreement, the parties are directed to follow the following expedited briefing schedule:
    a. Within fourteen (14) days of the meet and confer, Plaintiffs shall file a supplemental brief not to exceed six (6) pages in length;
    b. Within three (3) business days of Plaintiffs' supplemental brief, Defendant shall file a written response not to exceed six (6) pages in length; and
    c. Within two (2) business days of Defendant's response, Plaintiffs may file a supplemental reply brief not to exceed two (2) pages in length.

//
//
//
//
//

DATED this 20th day of May 2022.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE