THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG CROSBY and CHRISTOPHER JOHNSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | CASE NO. C21-1083-JCC<br><br>ORDER |

This matter comes before the Court on the parties' supplemental briefing and related declarations (Dkt. Nos. 50–56) following the Court's order on Plaintiffs' motion to compel (Dkt. No. 49). Plaintiffs ask the Court to resolve the following remaining discovery disputes: (a) search methods for relevant products; (b) identification of additional custodians; (c) disclosure of search terms; (d) discovery relating to financial documents; and (e) the assignment of a magistrate judge to resolve future discovery disputes. (*See* Dkt. No. 50.)

As the Court has repeatedly indicated, discovery motions are strongly disfavored. *See, e.g.*, *Est. of Jensen by Dow v. County of Snohomish*, 2021 WL 3418800, slip op. at 1 (W.D. Wash. 2021). Nevertheless, the Federal Rules of Civil Procedure allow a party to move the Court to compel an opponent to produce discoverable information, and the Court will continue to discharge this obligation accordingly. Therefore, rulings on each of the remaining disputes are

contained below.

## I. REMAINING DISPUTES

### 1. Search Methods for Relevant Products.

For purposes of pre-certification discovery, the Court limited the scope of Defendant's products search to lithium-ion 18650 batteries and products containing lithium-ion 18650 batteries which have a specifically advertised energy capacity in milliamp-hours or amp-hours. (Dkt. No. 49 at 2–3.) Defendant suggests that including products where energy capacity is specified in the images would be unduly burdensome. (Dkt. No. 52 at 2.) The Court is not convinced. As products with an energy capacity specified in the advertising images are relevant, and fall within the established scope of discovery, Defendant must search for products with "18650" in the product name or description and an advertised energy capacity in any text fields *or photos* of the product.

### 2. Additional Custodians

Plaintiffs request the identification of additional custodians to cover (a) consumer complaints, (b) consumer reviews, and (c) regulatory compliance for unfair and/or deceptive advertising. (Dkt. No. 50 at 3). Defendant has asserted that the information related to consumer complaints and reviews is stored in non-custodial sources, and that they have already identified custodians possessing ESI related to regulatory compliance. (Dkt. No. 52 at 4.) Plaintiffs allege that this does not include relevant discoverable information in custodial sources, such as employee e-mails. (Dkt. No. 50 at 1.) The Court does not dispute that there may be relevant information in such sources. Plaintiffs fail, however, to adequately allege how such information is proportional for purposes of class certification.

### 3. Disclosure of Search Terms

Plaintiffs seek a deadline for Defendant to produce search terms for custodial sources within two weeks of this Court order, and search terms for non-custodial sources within two weeks of identifying relevant Amazon Standard Identification Numbers ("ASINs"). (Dkt. No. 55

at 2.) While the Court agrees that this is relevant and consistent with the ESI protocol for this case, given the need to search photos to determine all relevant products, and the time this will take, additional time may be necessary. Therefore, Defendant is ordered to produce relevant product ASINs within 30 days of this order and search terms or queries for custodial and non-custodial sources within 14 days thereafter.

### 4. Discovery of Financial Documents

Plaintiffs request disclosure of additional financial documents encapsulated in RFP Numbers 7, 8, and 42. (Dkt. No. 50 at 5.) At this stage, discovery is limited to information necessary to support class certification. (Dkt. No. 49 at 2.) Defendant has already agreed to provide policies, procedures, and documents relevant for this purpose. (*See* Dkt. No. 52 at 6.) Therefore, Plaintiffs have failed to demonstrate the requested documents are necessary at present.

### 5. Assignment of a Magistrate Judge.

Plaintiffs ask the Court to assign a magistrate judge to oversee future discovery disputes, or in the alternative, for an automatic expedited briefing schedule. (Dkt. No. 55 at 2–3.) The Court declines this request. As future discovery disputes arise, the Court reminds the parties of the Court's expectation that they will resolve those disputes in good faith between themselves. If involvement of the Court becomes necessary, the process for resolving such disputes will be considered on an as-needed basis.

## II. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant is DIRECTED to search for products with "18650" in the product name or description and an advertised energy capacity in any text fields *or accompanying photographs of the product*. That search shall be completed within thirty days of this order.

2. Defendant is DIRECTED to produce and provide Plaintiffs with search terms or

queries for custodial and non-custodial sources within two weeks of identifying relevant product ASINs (which is to be completed within 30 days of this order).

DATED this 1st day of July 2022.

*/s/ John C. Coughenour*

John C. Coughenour
UNITED STATES DISTRICT JUDGE