THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG CROSBY and CHRISTOPHER JOHNSON, on behalf of themselves and others similarly situated<br><br>                 Plaintiffs,<br><br>   v.<br><br>AMAZON.COM, INC., a Delaware Corporation,<br><br>                Defendant. | No. 2:21-cv-01083-JCC<br><br>**AMAZON'S MOTION FOR A PROTECTIVE ORDER**<br><br>NOTE ON MOTION CALENDAR: DECEMBER 16, 2022<br><br>ORAL ARGUMENT REQUESTED |

AMAZON'S MOTION FOR A PROTECTIVE ORDER
(No. 2:21-cv-01083-JCC)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

## TABLE OF CONTENTS

2
Page

3 I. INTRODUCTION ................................................................................................. 1

4 II. BACKGROUND ................................................................................................. 2

5 III. LEGAL STANDARD .......................................................................................... 3

6 IV. ARGUMENT ...................................................................................................... 4

7      A. Good cause exists to enter a protective order limiting the scope of
         discovery to jurisdiction for 60 days ................................................... 4

8

9      B. The amount in controversy appears to be $189,195, which is millions of
         dollars below CAFA's jurisdictional minimum ...................................... 5

10          1. The amount in controversy is determined by the facts that existed
             "at the time of filing." ................................................................ 5

11

12          2. Plaintiffs' maximum damages are $50,452, or $151,356 if trebled ........... 6

13          3. Plaintiffs can recover at most $37,839 in attorney fees. ...................... 7

14          4. Plaintiffs' requests for vague injunctive and declaratory relief do
             not satisfy CAFA's jurisdictional minimum ..................................... 7

15          5. Plaintiffs' action targets Amazon Warehouse Deals. ........................ 8

16      C. Limiting the scope of discovery for 60 days will prevent undue burden and
         expense on the Court and the parties. ................................................. 10

17

18      D. Attorney Certification Pursuant to Local Civil Rule 26(c). ................................. 11

19 V. CONCLUSION .................................................................................................. 11

20

21

22

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

CASES

4

*Ahmad v. Panera Bread Co.*,
    2021 WL 5447000 (E.D. Mo. Nov. 16, 2021) .................................................................6

5

6

*Arias v. Residence Inn by Marriott*,
    936 F.3d 920 (9th Cir. 2019) ........................................................................................5

7

*Aseltine v. Panera, LLC*,
    2021 WL 8267421 (N.D. Cal. Dec. 13, 2021) ...............................................................6

8

9

*Bayol v. Zipcar, Inc.*,
    2015 WL 4931756 (N.D. Cal. Aug. 18, 2015) .........................................................3, 5, 6

10

11

*Bd. of License Comm'rs of Town of Tiverton v. Pastore*,
    469 U.S. 238 (1985).......................................................................................................2

12

*BEM I, L.L.C. v. Anthropologie, Inc.*,
    301 F.3d 548 (7th Cir. 2002) ...................................................................................2, 3, 5

13

14

*Bowles v. Washington Dep't of Ret. Sys.*,
    121 Wash. 2d 52, 847 P.2d 440 (1993)..........................................................................7

15

*Fritsch v. Swift Trans. Co. of Ariz., LLC*,
    899 F.3d 785 (9th Cir. 2018) ........................................................................................7

16

17

*Grupo Dataflux v. Atlas Glob. Grp., L.P.*,
    541 U.S. 567 (2004)....................................................................................................5, 6

18

19

*Hunt v. Wash. State Apple Adver. Comm'n*,
    432 U.S. 333 (1977).......................................................................................................7

20

*Ibarra v. Manheim Invs., Inc.*,
    775 F.3d 1193 (9th Cir. 2015) ......................................................................................6

21

22

*Nat'l Fire & Marine Ins. Co. v. Certain Underwriters at Lloyd's London*,
    2009 WL 10676368 (W.D. Wash. June 26, 2009).........................................................3

23

24

*Perkumpulan Inv. Crisis Ctr. Dressel-WBG v. Wong*,
    2009 WL 10676449 (W.D. Wash. Oct. 30, 2009),
    *aff'd*, 395 F. App'x 442 (9th Cir. 2010)........................................................................3

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

**TABLE OF AUTHORITIES (Continued)**

2

**Page(s)**

3

*Petkevicius v. NBTY, Inc.*,
4
   2017 WL 1113295 (S.D. Cal. Mar. 24, 2017) ..................................................................6

*Rabang v. Kelly*,
5
   2017 WL 4811538 (W.D. Wash. Oct. 25, 2017) ......................................................2, 4, 10

6

*Rasor v. Retail Credit Co.*,
7
   87 Wash. 2d 516, 554 P.2d 1041 (1976) ........................................................................6

8

*Rodriguez v. AT&T Mobility Servs. LLC*,
   728 F.3d 975 (9th Cir. 2013) ...........................................................................................3
9

*Schreib v. Am. Fam. Mut. Ins. Co.*,
10
   129 F. Supp. 3d 1129 (W.D. Wash. 2015) ....................................................................6

11

*Silbaugh v. Chao*,
12
   2018 WL 2317555 (W.D. Wash. May 22, 2018) .......................................................4, 10

13

*Standard Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013) ........................................................................................................5
14

*Staton v. Boeing Co.*,
15
   327 F.3d 938 (9th Cir. 2003) ...........................................................................................7

16

*Zarelli v. Encompass Ins. Co.*,
17
   2015 WL 7272260 (W.D. Wash. Nov. 17, 2015) ..........................................................7

18

STATUTES

19

28 U.S.C. § 1332(d) ...............................................................................................................1

20

RCW 19.86.090 ......................................................................................................................7

21

RULES

22

Fed. R. Civ. P. 26(c) ....................................................................................................2, 3, 11

23

Local Rules W.D. Wash. LCR 26(c) ....................................................................................11

24

25

26

AMAZON'S MOTION FOR A PROTECTIVE ORDER
(No. 2:21-cv-01083-JCC) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

**TABLE OF AUTHORITIES (Continued)**

2

**Page(s)**

3

**OTHER AUTHORITIES**

4

14AA Charles Alan Wright et al., *Federal Practice & Procedure* § 3708 (4th ed.)......................7

5

13 Charles Alan Wright et al., *Federal Practice & Procedure* § 3522 (3d ed.)...........................3

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

## I.       INTRODUCTION

2    Amazon moves the Court for a narrow but necessary protective order instructing the parties

3    to first address the Court's subject-matter jurisdiction and to stay non-jurisdictional discovery for

4    60 days to complete the jurisdictional review.

5    As explained in Amazon's opposition to Plaintiffs' motion to compel, filed concurrently

6    with this motion, Amazon has been investigating—with Plaintiffs' knowledge—a probable defi-

7    ciency in the Court's subject-matter jurisdiction. Plaintiffs' Complaint invoked this Court's juris-

8    diction under the Class Action Fairness Act ("CAFA"), which requires that the amount in contro-

9    versy exceed $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d). The evidence un-

10   covered reveals that this action likely does not meet that jurisdictional threshold because total sales

11   of the covered products during the relevant period were approximately $50,000. Even factoring

12   potential treble damages, attorney fees, and injunctive and declaratory relief, Plaintiffs' action falls

13   millions of dollars short of the jurisdictional requirement.

14   Amazon has not yet moved to dismiss for lack of jurisdiction because (1) Plaintiffs asked

15   Amazon to investigate 17 products they contend were omitted from the list of covered products

16   and (2) Plaintiffs told Amazon that they intended to seek leave to file an Amended Complaint to

17   cure the jurisdictional defect by expanding their allegations beyond Amazon Warehouse Deals but

18   reversed course and filed their motion to compel.

19   Despite Amazon telling Plaintiffs before they moved to compel that "Amazon may need to

20   move to dismiss because the Court likely does not have jurisdiction," Declaration of Eric J. Weiss,

21   Dkt. No. 66, Ex. M at 3, Plaintiffs erroneously assert that "Amazon has not (and has not indicated

22   an intent to) seek any form of potentially applicable relief from the Court regarding the purported

23   lack of subject matter jurisdiction," Dkt. No. 62 at 1. And despite the Court's reminders that "dis-

24   covery motions are strongly disfavored," Dkt. No. 58 at 1, Plaintiffs criticize Amazon for not

25   "seeking any form of potentially applicable relief from the Court including a protective order" and

26   demand that "[d]iscovery must proceed absent a protective order," Dkt. No. 62 at 4.

AMAZON'S MOTION FOR A PROTECTIVE ORDER
(No. 2:21-cv-01083-JCC) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1       Plaintiffs' actions have therefore forced Amazon to seek relief from the Court. The U.S.

2  Supreme Court holds that parties have a duty to raise jurisdictional issues with the court "*without*

3  *delay*" whenever they arise. *Bd. of License Comm'rs of Town of Tiverton v. Pastore*, 469 U.S. 238,

4  240 (1985) (emphasis in original). Amazon is complying with its duty by filing this motion for a

5  protective order under Federal Rule of Civil Procedure 26(c). At the end of the requested 60-day

6  stay, Amazon will advise the Court on its findings, either by moving to dismiss or by filing a notice

7  that Plaintiffs have, in fact, met the jurisdictional minimum.

8       Good cause exists to grant Amazon's motion for a protective order. If the Court lacks sub-

9  ject-matter jurisdiction, the case cannot proceed and any non-jurisdictional discovery amounts to

10 "undue burden or expense" because the lawsuit will ultimately "be set at naught, and have to be

11 started over again in another court." Fed. R. Civ. P. 26(c)(1) (first quotation); *BEM I, L.L.C. v.*

12 *Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002) (second quotation). Courts routinely—and

13 this Court specifically—treat subject-matter jurisdiction as a threshold issue that must be resolved

14 before a lawsuit proceeds. *See, e.g.*, *Rabang v. Kelly*, 2017 WL 4811538, at *4 (W.D. Wash.

15 Oct. 25, 2017) (Coughenour, J.). And Amazon's request will not delay the action or prejudice the

16 parties because the jurisdictional investigation is already in progress and Plaintiffs' action does not

17 seek any time-sensitive or emergency relief in the form of a motion for a preliminary injunction or

18 temporary restraining order.

19      For these reasons, and as described in greater detail below, Amazon requests that the Court

20 enter a protective order instructing the parties to first address the Court's subject-matter jurisdic-

21 tion and to stay non-jurisdictional discovery for 60 days to complete the jurisdictional review.

22                                    **II.       BACKGROUND**

23      The Court is familiar with the factual and procedural background. To avoid duplication,

24 Amazon incorporates by reference the background in its opposition to Plaintiffs' motion to compel,

25 filed concurrently with this motion.

26

AMAZON'S MOTION FOR A PROTECTIVE ORDER
(No. 2:21-cv-01083-JCC) – 2

### III.   LEGAL STANDARD

The Court "must first address subject matter jurisdiction because a case cannot proceed in its absence." *Nat'l Fire & Marine Ins. Co. v. Certain Underwriters at Lloyd's London*, 2009 WL 10676368, at *2 (W.D. Wash. June 26, 2009) (Coughenour, J.). When "the Court finds the issue of subject-matter jurisdiction to be dispositive, it declines to address other issues." *Perkumpulan Inv. Crisis Ctr. Dressel-WBG v. Wong*, 2009 WL 10676449, at *2 (W.D. Wash. Oct. 30, 2009) (Coughenour, J.), *aff'd*, 395 F. App'x 442 (9th Cir. 2010)).

"The subject matter jurisdiction of the federal courts is too fundamental a concern to be left to the whims and tactical concerns of the litigants." 13 Charles Alan Wright et al., *Federal Practice & Procedure* § 3522 (3d ed.). Where a potential jurisdictional deficiency is identified, the parties should pause until the jurisdictional issue is resolved:

> As officers of the court, lawyers who practice in federal court have an obligation to assist the judges to keep within the boundaries fixed by the Constitution and Congress; it is precisely to impose a duty of assistance on the bar that lawyers are called "officers of the court."
>
> Lawyers also owe it to the judge and the opposing lawyer to avoid subjecting them to the burdens of a lawsuit that they know or think may eventually be set at naught, and have to be started over again in another court, because of a jurisdictional problem of which the judge and the opposing lawyer may be unaware.

*BEM I*, 301 F.3d at 551.

The party invoking federal subject-matter jurisdiction bears the burden of establishing it. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013). In a CAFA action, that party must show "a legal possibility that she and her proposed class might recover more than $5 million dollars." *Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *7 (N.D. Cal. Aug. 18, 2015).

Federal Rule of Civil Procedure Rule 26(c) empowers district courts to enter a protective order narrowing the scope of discovery for "good cause," including "to protect a party or person from … undue burden or expense." The Local Civil Rules for the Western District of Washington "urge[]" attorneys and parties to "manage civil cases on a cost-effective basis" and explicitly

AMAZON'S MOTION FOR A PROTECTIVE ORDER
(No. 2:21-cv-01083-JCC) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

recommend "limiting discovery and phasing discovery and motions to bring on for early resolution potentially dispositive issues." Local Rules W.D. Wash., Introduction.

Where a federal court's subject-matter jurisdiction is in question, courts routinely stay or limit discovery to the threshold jurisdictional issues. *See, e.g.*, *Rabang*, 2017 WL 4811538, at *4 (Coughenour, J.) (staying all proceedings because pending information "could affect the Court's continued jurisdiction over this case" and "a stay of proceedings could conserve both the Court's and parties' resources"); *Silbaugh v. Chao*, 2018 WL 2317555, at *1 (W.D. Wash. May 22, 2018) (Martinez, C.J.) ("Defendant has raised a threshold question of subject matter jurisdiction that should be answered before proceeding with discovery.").

## IV.    ARGUMENT

**A.    Good cause exists to enter a protective order limiting the scope of discovery to jurisdiction for 60 days.**

Amazon seeks narrow relief: a 60-day pause on non-jurisdictional discovery while Amazon completes the jurisdictional investigation Plaintiffs requested. After 60 days, Amazon will update the Court on its investigation, either by filing a motion to dismiss (if Plaintiffs refuse to voluntarily dismiss) or a notice that Plaintiffs have met CAFA's jurisdictional minimum.

Amazon is committed to ensuring the accuracy and completeness of the list of responsive products. Declaration of Eugide Matondo ¶ 10. As the Court is aware, because Plaintiffs seek information about historical data for a particular set of advertisements by Amazon Warehouse Deals, Amazon must write, test, and apply new programs designed to capture data on all products containing lithium batteries. Dkt. No. 43 at 10. A team of three Amazon data engineers and analysts is working on that process. Matondo Decl. ¶ 10. The requested 60-day stay is also consistent with the Court's prior discovery order. Amazon needs 30 days to complete Plaintiffs' requested investigation and, if necessary, the same 30 days the Court earlier provided to search for and produce any additional data.

AMAZON'S MOTION FOR A PROTECTIVE ORDER
(No. 2:21-cv-01083-JCC) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

**B.      The amount in controversy appears to be $189,195, which is millions of dollars below CAFA's jurisdictional minimum.**

In a CAFA case, the amount in controversy is calculated by "adding up the value of the claim of each person" in the proposed class and "determin[ing] whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). The amount in controversy "reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis omitted).

The evidence in this action strongly suggests that Plaintiffs cannot satisfy CAFA's amount-in-controversy requirement because their maximum recovery is $189,195. Plaintiffs' best-case scenario—which is overstated—falls millions of dollars below the jurisdictional minimum.

**1.      The amount in controversy is determined by the facts that existed "at the time of filing."**

Courts look to "the state of facts that existed at the time of filing" to determine whether subject-matter jurisdiction exists. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004). Thus, the amount in controversy must have exceeded the jurisdictional minimum when the action began. *See Bayol*, 2015 WL 4931756, at *7 (citation omitted). The time-of-filing rule applies even if the parties first learn of the relevant jurisdictional facts during discovery. *See, e.g.*, *BEM I*, 301 F.3d at 552.

Here, Plaintiffs filed their Complaint on August 13, 2021. Because Plaintiffs' proposed class consists of individuals and organizations who bought covered products "after May 3, 2021," the relevant period for calculating the matter in controversy runs from May 4, 2021, to August 13, 2021. *See* Compl. ¶ 16. The evidence currently shows that during that period, Amazon Warehouse Deals received a total of $50,452 in revenue (less refunds already provided) from the 1,953 ASINs at issue. *See* Weiss Decl. ¶ 4.

The amount in controversy is not calculated through the time of a decision on class certification because "contingent future events" do not affect the amount-in-controversy analysis under CAFA. *Standard Fire Ins. Co.*, 568 U.S. at 593. The time of filing is the relevant touchstone

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

AMAZON'S MOTION FOR A PROTECTIVE ORDER
(No. 2:21-cv-01083-JCC) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   "precisely because the facts determining jurisdiction are subject to change, and because constant

2   litigation in response to that change would be wasteful." *Grupo Dataflux*, 541 U.S. at 580. Multiple

3   district courts have accordingly applied the time-of-filing rule in consumer class actions. *See*, *e.g.*,

4   *Aseltine v. Panera, LLC*, 2021 WL 8267421, at *2 (N.D. Cal. Dec. 13, 2021); *Ahmad v. Panera*

5   *Bread Co.*, 2021 WL 5447000, at *5 (E.D. Mo. Nov. 16, 2021); *Petkevicius v. NBTY, Inc.*, 2017

6   WL 1113295, at *6–7 (S.D. Cal. Mar. 24, 2017).

7          **2.        Plaintiffs' maximum damages are $50,452, or $151,356 if trebled.**

8          Plaintiffs allege that Amazon violated the Washington Consumer Protection Act ("CPA").

9   Compl. ¶ 53.[1] The CPA allows a plaintiff to recover their "actual damages." RCW 19.86.090.

10  Washington courts hold that "actual damages" include "all elements of compensatory awards gen-

11  erally." *Rasor v. Retail Credit Co*., 87 Wash. 2d 516, 554 P.2d 1041, 1050 (1976); *see also*

12  *Schreib v. Am. Fam. Mut. Ins. Co.*, 129 F. Supp. 3d 1129, 1136 (W.D. Wash. 2015). District courts

13  recognize that pre-filing or pre-removal sales data is a "reasonable estimate of the amount in con-

14  troversy" for compensatory damages in a consumer class action. *See Petkevicius*, 2017 WL

15  1113295, at *8; *Bayol*, 2015 WL 4931756, at *8 (measuring compensatory damages as the money

16  "collected and not refunded" from consumers during the relevant period); *Ahmad*, 2021

17  WL 5447000, at *5.

18         Based on the evidence collected to date, Amazon Warehouse Deals' sales revenue of

19  $50,452 is the maximum compensatory damages available. And that maximum possible amount

20  would be recoverable only if Plaintiffs proved, among other things, that each of the 1,953 respon-

21  sive ASINs was falsely advertised, which the Court said was unlikely. *See* Dkt. No. 27 at 5. Indeed,

22  the Ninth Circuit has cautioned that a court cannot assume a 100% violation rate in a class action

23  absent evidentiary support. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

24

25

26         ----------
           [1] The Complaint does not seek damages under the CPA. For purposes of this motion, Am-
    azon presumes that omission was an oversight by Plaintiffs.

1       The CPA also allows a court, in its discretion, to "increase the award of damages up to an

2   amount not to exceed three times the actual damages." RCW 19.86.090. For purposes of this mo-

3   tion only, Amazon accepts that the potential for treble damages increases the amount in contro-

4   versy to $151,356. *See, e.g.*, *Zarelli v. Encompass Ins. Co.*, 2015 WL 7272260, at *2 (W.D. Wash.

5   Nov. 17, 2015).

6       **3.      Plaintiffs can recover at most $37,839 in attorney fees.**

7       A plaintiff who wins a CPA claim can recover "reasonable" attorney fees. RCW 19.86.090.

8   Attorney fees are part of the amount in controversy. *Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899

9   F.3d 785, 788 (9th Cir. 2018). The Ninth Circuit holds that the appropriate measure of attorney

10  fees is "25% of the common fund." *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003);

11  *Bowles v. Washington Dep't of Ret. Sys.*, 121 Wash. 2d 52, 72, 847 P.2d 440, 451 (1993). A 25%

12  attorney-fee award adds $37,839 to the amount in controversy, for a total of $189,195.

13      **4.      Plaintiffs' requests for vague injunctive and declaratory relief do not satisfy
            CAFA's jurisdictional minimum.**

14
15      Finally, Plaintiffs seek declaratory and injunctive relief. *See* Compl. ¶¶ 60–68. As a general

16  matter, declaratory and injunctive relief can factor into amount-in-controversy calculations. *See*

17  14AA Charles Alan Wright et al., *Federal Practice & Procedure* § 3708 (4th ed.). For such claims,

18  "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash.

19  State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Here, however, it is unclear what "object"

20  Plaintiffs seek. The Complaint does not state what rights Plaintiffs would like the Court to declare

21  or describe what injunction they seek.

22      In a letter provided to Amazon following identification of the jurisdictional issue, Plaintiffs

23  said that they seek injunctive relief in four ways—three of which address product-safety issues

24  that the Court has already excluded from class discovery. *See* Weiss Decl. Ex. K at 2; Dkt. No. 49

25  at 2 ("The Court NOTES that Mr. Craig Crosby and Mr. Christopher Johnson, the named plaintiffs,

26  suffered only the alleged injury of purchasing batteries with a lower-than-advertised battery

AMAZON'S MOTION FOR A PROTECTIVE ORDER
(No. 2:21-cv-01083-JCC) – 7

1  capacity. The batteries they purchased did not explode or ignite due to their lack of the advertised

2  safety features. Therefore, batteries with certain advertised safety issues are not discoverable for

3  purposes of class certification.").

4        The only proposed injunctive relief related to the false-advertising claim is to remove the

5  allegedly offending advertising—a minimal expense. Such relief would not increase the amount

6  in controversy by more than $4.8 million necessary for jurisdiction.

7       **5.**    **Plaintiffs' action targets Amazon Warehouse Deals.**

8        In a belated and improper attempt to expand the scope of their action to increase the amount

9  in controversy, Plaintiffs now assert that their action has always targeted products sold by Amazon

10  writ large, not those sold by Amazon Warehouse Deals. They contend that some of Plaintiffs'

11  purchases may not be from Amazon Warehouse Deals. Dkt. No. 63 at ¶ 50. Plaintiffs are wrong.

12       *First*, Plaintiffs admitted that they purchased their products from Amazon Warehouse

13  Deals: "[T]he Complaint asserts that the batteries were purchased from Amazon Warehouse Deals,

14  which is a branch of Amazon.com, Inc." Dkt. No. 25 at 15. Plaintiffs now pivot, asserting that their

15  purchases may not have been from Amazon Warehouse Deals because some of Plaintiffs' orders

16  say "Sold by Amazon Services.com, LLC," Dkt. No. 63 at 10. But it should be no surprise to

17  Plaintiffs that those Warehouse purchases say sold by Amazon because Plaintiffs allege that Am-

18  azon Warehouse Deals is a "division or arm" of Amazon. Compl. ¶ 13. To put any doubt to rest,

19  the documents included with this motion confirm that Plaintiffs made all of their asserted pur-

20  chases from Amazon Warehouse Deals. Declaration of Eugide Matondo, Exs. A–G.

21       *Second*, Plaintiffs sought discovery of products sold only by Amazon Warehouse Deals.

22  *See* Dkt. No. 41 at 8 ("Plaintiffs only seek discovery from the Defendant, and only regarding prod-

23  ucts containing lithium-ion batteries, sold by Amazon Warehouse Deals, with advertised charac-

24  teristics that do not exist."); *id.* at 5; Weiss Decl. Ex. A at 3 (Plaintiffs' discovery requests defining

25  the batteries and products as those "offered for sale by AWD").

26

AMAZON'S MOTION FOR A PROTECTIVE ORDER
(No. 2:21-cv-01083-JCC) – 8

1      *Third*, Plaintiffs told the Court multiple times that this case is about statements by and sales

2      from Amazon Warehouse Deals. Dkt. No. 25 at 16 ("The Complaint applies to batteries that were

3      offered for sale by Amazon Warehouse Deals on the internet."); *id.* at 14 ("Plaintiffs have alleged

4      that Amazon made the false representations through Amazon Warehouse Deals."); *id.* at 15 ("The

5      misleading language at issue is the language selected by Amazon Warehouse Deals."); *id.* at 2

6      ("Amazon's exorbitant capacity claims and sales of its defective batteries are made through 'Am-

7      azon Warehouse Deals', a division or arm of Amazon.com, Inc."); *id.* at 13 ("Plaintiffs have al-

8      leged that Amazon Warehouse Deals is a direct seller of lithium-ion 18650 batteries and is respon-

9      sible for the sale, marketing, and advertisement of the defective lithium-ion 18650 batteries and

10     products contain lithium-ion 18650 batteries at issue in this case."); Weiss Decl. Ex. B at 2–3

11     ("This is a putative class action covering all individuals or organizations that purchased lithium-

12     ion 18650 batteries or products containing lithium-ion 18650 batteries from Amazon Warehouse

13     Deals after May 3, 2021"); Dkt. No. 47 at 1 ("This is a consumer class action case regarding the

14     unfair and deceptive advertising by Amazon of 18650 lithium batteries offered for sale by Amazon

15     Warehouse Deals, a division of Amazon.com, Inc. ('Amazon').").

16     *Fourth*, the Court relied on those statements to allow the action to proceed. *See* Dkt. No. 27

17     at 1 ("Plaintiffs allege, in a putative class action, that Amazon Warehouse Deals, a division of

18     Defendant, regularly engages in deceitful direct sales of defective lithium-ion 18650 batteries.");

19     *id.* at 3 ("As to the "who," the complaint alleges that Amazon Warehouse Deals, a "division or

20     arm" of Defendant, is "responsible for the sale, marketing, and advertisement of the defective

21     lithium-ion batteries and products [that] contain [those batteries]."). Amazon also relied on those

22     statements, telling the Court that it would search the product name and description "for all products

23     sold by Amazon Warehouse Deals ('AWD') during the class period." Dkt. No. 53 at 1.

24     Plaintiffs' action has always been and remains about Amazon Warehouse Deals.

25

26

AMAZON'S MOTION FOR A PROTECTIVE ORDER
(No. 2:21-cv-01083-JCC) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**C.**     **Limiting the scope of discovery for 60 days will prevent undue burden and expense on the Court and the parties.**

As detailed above, the evidence strongly suggests that Plaintiffs cannot satisfy CAFA's amount-in-controversy requirement. (And Plaintiffs never assert in their motion to compel that subject-matter jurisdiction exists. *See* Dkt. No. 62.) Because the Court's subject-matter jurisdiction is at issue, good cause exists to temporarily limit the scope of discovery to jurisdictional issues for 60 days.

Courts recognize that allowing a case to proceed before issues of subject-matter jurisdiction are resolved will impermissibly burden the judiciary and the parties. For example, in *Rabang v. Kelly*, this Court stayed all proceedings in a tribal dispute while the Department of the Interior completed a process to recognize a tribal council. *See* 2017 WL 4811538, at *4. The Court explained that the Department's actions "could affect the Court's continued jurisdiction over this case" and concluded that "a stay of proceedings could conserve both the Court's and parties' resources." *Id.* Similarly, in *Silbaugh v. Chao*, then-Chief Judge Martinez of this District stayed discovery pending resolution of the "threshold question of subject matter jurisdiction." 2018 WL 2317555, at *1. Judge Martinez explained that a stay "may save both parties time and money," thus preventing undue burden and expense. *Id.*

Finally, Amazon's requested relief will not prejudice Plaintiffs. *See* Mot. at 6 ("[T]he issue is not whether Amazon may challenge subject matter jurisdiction at this stage of the litigation."). Amazon seeks only a 60-day pause on non-jurisdictional discovery, which will not disrupt the case schedule. *See Rabang*, 2017 WL 4811538, at *4. And as Amazon told Plaintiffs before they moved to compel, "If the Parties later need more time to complete discovery—which does not currently close until next summer—Amazon will agree to any reasonable extension requests." Weiss Decl. Ex. M at 2.

AMAZON'S MOTION FOR A PROTECTIVE ORDER
(No. 2:21-cv-01083-JCC) – 10

**D.     Attorney Certification Pursuant to Local Civil Rule 26(c).**

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 26(c), counsel for Amazon certifies that he conferred in good faith and was unable to reach an accord with Plaintiffs' counsel concerning this motion for a protective order. On November 22, 2022, Amazon informed Plaintiffs that Amazon would need to move for a protective order if Plaintiffs did not withdraw their motion to compel. The following week, Plaintiffs declined to withdraw. Counsel also met and conferred via Zoom videoconference at 11:00 am PT on December 1, 2022. The conference was attended by Eric J. Weiss and Breanna C. Philips of Perkins Coie LLP on behalf of Amazon and Karin B. Swope and Jeffrey Mudd of Cotchett, Pitre & McCarthy, LLP, on behalf of Plaintiffs.

## V.     CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court enter a protective order staying non-jurisdictional discovery for 60 days.

Dated: December 5, 2022

By: *s/ Eric J. Weiss*
Eric J. Weiss, WSBA No. 44807
Breanna C. Philips, WSBA No. 58757

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: EWeiss@perkinscoie.com
E-mail: BPhilips@perkinscoie.com

Attorneys for Defendant Amazon.com, Inc.

AMAZON'S MOTION FOR A PROTECTIVE ORDER
(No. 2:21-cv-01083-JCC) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

159206834