UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG CROSBY and CHRISTOPHER JOHNSON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 2:21-cv-01083-JCC<br><br>**PLAINTIFFS' MOTION TO COMPEL JURISDICTIONAL DISCOVERY**<br><br>NOTED FOR CONSIDERATION: MARCH 10, 2023 |

PLAINTIFFS' MOTION TO COMPEL
JURISDICTIONAL DISCOVERY
(No. 2:21-cv-01083-JCC)

1

Cotchett, Pitre & McCarthy, LLP
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Telephone: (206) 802-1272

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 2

III. ARGUMENT .................................................................................................................. 5

    A. AMAZON'S UNILATERAL LIMITATIONS ON THE SUBSTANTIVE SCOPE OF PLAINTIFFS' CASE ARE ERRONEOUS AND IMPROPER. ................................................................ 6

        i. *"Non-Title 18650 Products" Are Within the Scope of Plaintiffs' Case.* ............... 7

        ii. *Amazon Direct Sales of Relevant Products Through Divisions or Subsidiaries Other than Amazon Warehouse Deals Are Within the Scope of Plaintiffs' Case.* ................................................................................................................. 10

    B. PLAINTIFFS ARE ENTITLED TO THE REQUESTED JURISDICTIONAL DISCOVERY AS NECESSARY TO REBUT AMAZON'S CHALLENGE TO THE AMOUNT IN CONTROVERSY. 10

IV. CONCLUSION ............................................................................................................. 13

PLAINTIFFS' MOTION TO COMPEL  
JURISDICTIONAL DISCOVERY  
(No. 2:21-cv-01083-JCC)

i

Cotchett, Pitre & McCarthy, LLP  
999 N. Northlake Way, Suite 215  
Seattle, WA 98103  
Telephone: (206) 802-1272

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Butcher's Union Local No. 498 v. SDC Investment, Inc.*
    788 F.2d 535 (9th Cir. 1986) .................................................................................................. 6
*Arias v. Residence Inn by Marriott*
    936 F.3d 920 (9th Cir. 2019) ................................................................................................ 11
*Bayol v. Zipcar, Inc.*
    2015 WL 4931756 (N.D. Cal. Aug. 18, 2015) ..................................................................... 11
*Berry v. Transdev Servs., Inc.*
    2016 WL 11261499 (W.D. Wash. Jan. 11, 2016) ................................................................ 12
*Copple v. Arthur J. Gallegher & Co.*
    2022 WL 3357865 (W.D. Wash. Aug. 2, 2022) .................................................................... 6
*Cram v. Electronic Data Systems Corp.*
    2007 WL 2904250 (S.D. Cal. Oct. 3, 2007) ........................................................................... 6
*HDT Bio Corp. v. Emcure Pharmas., Ltd.*
    2022 WL 16835758 (W.D. Wash. Nov. 9, 2022) ................................................................ 10
*Ignacio v. ADP Inc.*
    2014 WL 12639095 (C.D. Cal. Dec. 16, 2014) ..................................................................... 6
*Jauregui v. Roadrunner Transps. Servs., Inc.*
    28 F.4th 989 (9th Cir. 2022) ................................................................................................... 6
*Martindale v. Megastar Fin. Corp.*
    2022 WL 1129223 (E.D. Cal. Apr. 15, 2022) ..................................................................... 11
*Molnar v. 1800 Flowers.com, Inc.*
    2009 WL 481618 (C.D. Cal. Feb. 23, 2009) .......................................................................... 6
*Ogden v. Bumble Bee Foods,* LLC
    292 F.R.D. 620 (N.D. Cal. 2013) ........................................................................................... 3
*Rodgers v. Central Locating Service, Ltd.*
    412 F.Supp.2d 1171 (W.D. Wash. 2006) ............................................................................. 12
*Safe Air for Everyone v. Meyer*
    373 F.3d 1035 (9th Cir. 2004) .............................................................................................. 11
*Spearman v. I Play, Inc.*
    2018 WL 3770052 (E.D. Cal. Aug. 8, 2018) ......................................................................... 6
*Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*
    594 F.2d 730 (9th Cir. 1979) ................................................................................................ 11
*Trepanier v. Progressive Direct Ins. Co.*
    2012 WL 12882865 (W.D. Wash. Sept. 19, 2012) .............................................................. 11
*United States v. Int'l Union of Petrol. & Indus. Workers, AFL-CIO*
    870 F.2d 1450 (9th Cir. 1989) .............................................................................................. 10
*Wells Fargo & Co. v. Wells Fargo Exp. Co.*,
    556 F.2d 406 (9th Cir. 1977) .................................................................................................. 6

**Statutes**

28 U.S.C. § 1332(d)(2) ("CAFA") ................................................................................................. 1

PLAINTIFFS' MOTION TO COMPEL
JURISDICTIONAL DISCOVERY
(No. 2:21-cv-01083-JCC)

ii

Cotchett, Pitre & McCarthy, LLP
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Telephone: (206) 802-1272

## I. INTRODUCTION

This is Plaintiffs' third Motion to Compel.[1] Despite the Court ordering jurisdictional discovery, and Plaintiffs issuing such discovery on January 3, 2023, Amazon has produced no new documents. Plaintiffs are entitled to jurisdictional discovery and to file an Amended Complaint concerning (1) additional batteries and products sold by Amazon that do not have "18650" in the product title or description (referred to herein as "Non-Title 18650 Products"), and (2) Amazon direct sales of relevant products through divisions and subsidiaries other than Amazon Warehouse Deals (referred to as "Non-AWD Sales"). However, the present Motion concerns a new set of jurisdictional discovery requests served by Plaintiffs in early-January targeted at ascertaining whether this action meets the $5 million amount in controversy under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"), pursuant to the Court's December 20, 2022 Order.

Amazon has produced no new documents. Instead, Amazon has objected to all of Plaintiffs jurisdictional discovery across-the-board, largely based on objections that (1) the Court's May and July Discovery Orders limited the scope of Plaintiffs' case to products that include the term "18650" in the product title or definition on the Amazon product webpage, and that (2) Amazon direct sales of relevant products through divisions or subsidiaries other than Amazon Warehouse Deals ("AWD") are not within the scope of Plaintiffs' case. Both categories of objections are erroneous. Additionally, Amazon even objects to Plaintiffs' jurisdictional discovery that is targeted at verifying Amazon's existing list of 1,953 Responsive Products produced in August 2022 in response to the Court's July Discovery Order and corresponding revenue data produced in September—i.e., the very data upon which Amazon relies in raising its assertion of an insufficient amount in controversy. The Court should reject Amazon's baseless and unreasonable objections and compel Amazon to comply with all of Plaintiffs' jurisdictional discovery requests, which are tailored to evaluating the amount in controversy and necessary for Plaintiffs to rebut Amazon's attack on subject matter jurisdiction.

---

[1] Plaintiffs filed their second Motion to Compel on November 17, 2022 (ECF No. 62). Plaintiffs withdrew their Motion (ECF No. 62) to file this revised Motion after conducting jurisdictional discovery. (ECF No. 77.) Amazon filed its Motion for a Protective Order on December 5, 2022 (ECF No. 68). While Amazon has not withdrawn their motion, the relief that they sought, a 60 day stay to seek jurisdictional discovery was granted, and that Motion is now moot.

## II. BACKGROUND

This class action lawsuit alleges that *Amazon.com Inc.* (not just the division of Amazon Warehouse Deals) falsely and deceptively sold lithium-ion 18650 batteries, and products containing those batteries, that have an energy capacity lower than advertised. The Named Plaintiffs purchased 10 such products themselves and allege a proposed class including "All individuals or organizations that purchased lithium-ion 18650 batteries or products containing lithium-ion batteries from Amazon after May 3, 2021 until the date of class certification." ECF No. 1 (Compl.) ¶¶ 16, 52. Plaintiffs seek damages for all 18650 batteries and products containing 18650 batteries that were sold *directly by Amazon* (including all of its divisions and wholly owned subsidiaries) with misleading advertising about energy capacity (including all advertised with an impossibly high energy capacity above 3800 mAh, *see id.* ¶ 27).[2]

At the outset of the discovery process in early-2022, Amazon objected to many of Plaintiffs' document requests on the grounds that that the scope of the case is limited to only the 10 products purchased by the Named Plaintiffs, whereas Plaintiffs' requests sought discovery on a much broader scope of relevant products, thus forcing Plaintiffs to file their first motion to compel on April 21, 2022. *See* ECF No. 41 (Apr. 21 Mot. to Compel). In Opposition, Amazon argued that Plaintiffs failed to show that the broader set of products is "substantially similar" to the products purchased and alleged by the Named Plaintiffs. *See* ECF No. 43 at 4–6. Amazon further asserted a burden argument, including on the grounds that "because not all products containing lithium-ion 18650 batteries include '18650' in the product description, Amazon personnel must manually conduct a product-by-product review to determine whether the products identified are lithium-ion 18650 batteries as opposed to another type of lithium battery." ECF No. 43 at 6.

---

[2] Amazon challenged the viability of the proposed class at the outset of this action with its Motion to Dismiss and Strike Class Allegations, filed on October 13, 2021, primarily on grounds of overbreadth and lack of commonality. *See* ECF No. 21 at 13–18. However, this Court held that Plaintiffs' proposed class is not facially deficient, and that commonality and "the breadth of the proposed class" are "issues better left for class certification." ECF No. 27 (Order re Mot. to Dismiss/Strike) at 6. Despite the Court's direction that the appropriate scope of any class to be certified be addressed at the certification stage, Amazon would go on to attack the scope of Plaintiffs' case through unwarranted discovery objections, the ensuing motion practice, and the resulting *discovery orders* issued by this Court.

PLAINTIFFS' MOTION TO COMPEL  
JURISDICTIONAL DISCOVERY  
(No. 2:21-cv-01083-JCC)

2

Cotchett, Pitre & McCarthy, LLP  
999 N. Northlake Way, Suite 215  
Seattle, WA 98103  
Telephone: (206) 802-1272

The Court first addressed the dispute in its discovery order dated May 20, 2022 (the "May Order," ECF No. 49), which, although limiting "the scope of discovery pre-certification to the class certification issue," rejected Amazon's "substantially similar" argument, providing:

> Defendant's responses to Plaintiffs' RFPs may be limited to the following products: (a) All lithium-ion 18650 batteries and products containing lithium-ion 18650 batteries, to the extent those batteries are specifically referenced in Defendant's advertising and so long as those batteries have a specifically advertised energy capacity in milliamp-hours or amp-hours in Defendant's advertising. The Court finds these to be "substantially similar" to the products purchased by the named plaintiff. *See Ogden v. Bumble Bee Foods,* LLC, 292 F.R.D. 620, 626 (N.D. Cal. 2013).

ECF No. 49 at 2–3. However, in response to Amazon's burden argument, the Court limited Amazon's identification of products to those with "18650" in the product title or description:

> However, as Defendant indicates, 'some of the products Plaintiffs identify . . . do not contain the word '18650' in the product description or title.' (Dkt. No. 45 at 3–4.) At least for purposes of discovery supporting class certification, Defendant need only capture products with '18650' in the advertised product name and/or description.

ECF No. 49 at 2–3 (emphasis added). The Court subsequently issued another discovery order on July 1, 2022, clarifying that Amazon would be required to review product webpage images to determine if an energy capacity was advertised in images for the given product, as opposed to only the product webpage text fields (*see* ECF No. 58 at 2), stating in relevant part:

> For purposes of pre-certification discovery, the Court limited the scope of Defendant's products search to lithium-ion 18650 batteries and products containing lithium-ion 18650 batteries which have a specifically advertised energy capacity in milliamp-hours or amp-hours. [Citing May 20 Order] Defendant suggests that including products where energy capacity is specified in the images would be unduly burdensome. (Dkt. No. 52 at 2.) The Court is not convinced. As products with an energy capacity specified in the advertising images are relevant, and fall within the established scope of discovery, Defendant must search for products with "18650" in the product name or description and an advertised energy capacity in any text fields *or photos* of the product. . . .
>
> Defendant is DIRECTED to search for products with "18650" in the product name or description and an advertised energy capacity in any text fields *or accompanying photographs of the product.*

PLAINTIFFS' MOTION TO COMPEL
JURISDICTIONAL DISCOVERY
(No. 2:21-cv-01083-JCC)

3

Cotchett, Pitre & McCarthy, LLP
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Telephone: (206) 802-1272

1  ECF No. 58 at 2–3 (emphasis in original). Notably, both Orders are clear that the Court "limited the scope of Defendant's products search" only "[f]or purposes of pre-certification discovery." *Id.*

Amazon ultimately produced, on August 1, 2022, a list of 1,953 unique products (identified by "ASIN," or Amazon Standard Identification Number), referred to herein as the "Responsive Products ASIN List." Amazon also produced revenue data for sales of those products by Amazon Warehouse Deals ("AWD") shortly thereafter, on September 30, 2022. Amazon subsequently objected to all of Plaintiffs' discovery based on its assertion that aggregate AWD revenue for the 1,953 products amounts to only approximately $200,000 and is therefore insufficient to meet the $5 million amount in controversy required under CAFA.

Plaintiffs were thus forced to bring another discovery dispute to this Court, by way of their second motion to compel filed on November 17, 2022 (ECF No. 63). Amazon filed a parallel (duplicative & unnecessary) motion for a protective order on December 5, 2022 (ECF No. 68). The Court addressed the parties' parallel motions in its Order dated December 20, 2022 (the "December Order," ECF No. 74), which stayed the Court's consideration of the parallel motions and "all other discovery in this matter, other than jurisdictional discovery . . . to provide Plaintiffs with the time needed to (a) obtain discovery necessary to adequately plead this Court's subject matter jurisdiction and (b) seek leave to amend their complaint." ECF No. 74 at 2. Plaintiffs have now withdrawn their November motion to compel (ECF No. 62) with the filing of this more limited and revised motion. *See* ECF No. 77 (Notice of Withdrawal).

Following the December Order, Plaintiffs propounded new targeted jurisdictional discovery on January 3 and 4, 2023, including limited and targeted sets of Interrogatories, Requests for Admission, Requests for Production, and a Jurisdictional Notice of 30(b)(6) Deposition, tailored to ascertaining a broader set of relevant products (i.e., "Non-Title 18650 Products"), Amazon direct sales channels through divisions and subsidiaries other than AWD (i.e., Non-AWD Sales), and the corresponding revenue data for all relevant product sales (as expanded). Moreover, Plaintiffs' Jurisdictional Deposition Topic No. 1 is aimed at examining and verifying the methodology used by Amazon to search for and identify relevant products and sales for Amazon's existing 1,953-ASIN

1  Responsive Products List, which is the basis for Amazon's attack that this Court lacks jurisdiction, and for which Amazon has continued to refuse. For reference, Plaintiffs' jurisdictional discovery and Amazon's responses objections are included as exhibits to the Declaration of Karin Swope, filed herewith.[3]

Unsurprisingly, Amazon objected to Plaintiffs' new jurisdictional discovery across-the-board. In effect, Amazon is maintaining that Plaintiffs are not entitled to *any* further jurisdictional discovery. Amazon's objections continue to maintain its erroneous position that "Non-Title 18650 Products" are excluded from the scope of Plaintiffs' case by way of the Court's May and July Discovery Orders and Amazon's resulting 1,953-ASIN Responsive Products List. *See, e.g.* Swope Decl. Ex. B at 2–3; Ex. D at 2; Ex. F at 2; Ex. H at 2–3. Amazon also objects to all discovery regarding Amazon direct sales channels through divisions or subsidiaries other than Amazon Warehouse Deals as well as additional relevant products and sales via such channels. *See, e.g.*, *id.*

At bottom, Plaintiffs are entitled to jurisdictional discovery commensurate with the scope of Plaintiffs' case as *alleged in their Complaint*. At this juncture, Plaintiffs respectfully request that the Court rule that the scope of Plaintiffs' case is not limited as Amazon insists—to only the products included on Amazon's 1,953-ASIN Responsive Products List and only Amazon direct sales via AWD—and compel jurisdictional discovery of Amazon according to the broader scope as set out in Plaintiffs' discovery requests.

### III.   ARGUMENT

Plaintiffs are entitled to jurisdictional discovery in this instance. "[T]he threshold for granting jurisdictional discovery is low." *Martindale*, 2022 WL 1129223, at *3. "The Ninth Circuit has adopted a liberal standard with respect to the granting of jurisdictional discovery, [] noting that it should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are

---

[3] Attached to the Declaration of Karin B. Swope submitted concurrently herewith are Plaintiffs' interrogatories (Ex. A) and Amazon's response (Ex. B); Plaintiffs' requests for admission (Ex. C) and Amazon's response (Ex. D); Plaintiffs' requests for production (Ex. E) and Amazon's response (Ex. F); and Plaintiffs' Jurisdictional Supplement to Notice of 30(b)(6) Deposition (Ex. G) and Amazon's response (Ex. H).

| PLAINTIFFS' MOTION TO COMPEL JURISDICTIONAL DISCOVERY (No. 2:21-cv-01083-JCC) | 5 | Cotchett, Pitre & McCarthy, LLP 999 N. Northlake Way, Suite 215 Seattle, WA 98103 Telephone: (206) 802-1272 |
|---|---|---|

controverted, or where a more satisfactory showing of the facts is necessary." *Id.*; *see also Spearman v. I Play, Inc.*, No. 2:17-cv-01563, 2018 WL 3770052, at *3 (E.D. Cal. Aug. 8, 2018) (same).[4]

### A. Amazon's Unilateral Limitations on the Substantive Scope of Plaintiffs' Case Are Erroneous and Improper.

Before discussing the specifics of Plaintiffs' jurisdictional discovery and why Amazon should be compelled to comply, however, it is necessary to dispel Amazon's erroneous positions on the scope of Plaintiff's case. This is because at this juncture—before a class has been certified—the amount in controversy is tied to the scope of Plaintiffs' case as alleged in their Complaint. *See, e.g.*, *Molnar v. 1800 Flowers.com, Inc.*, 2009 WL 481618 (C.D. Cal. Feb. 23, 2009) (holding that scope of putative class is defined by plaintiff's allegations and "the amount in controversy must be calculated accordingly"). "The amount in controversy refers to the 'amount at stake' in the litigation, which 'does not mean likely or probably liability; rather, it refers to *possible* liability." *Copple v. Arthur J. Gallegher & Co.*, 2022 WL 3357865, at *2 (W.D. Wash. Aug. 2, 2022) (quoting *Jauregui v. Roadrunner Transps. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022)) (emphasis in original). When assessing the amount in controversy for jurisdictional purposes, "the Court properly considers the amount Plaintiffs put in controversy through the allegations in their Complaint, not what Defendants might ultimately pay in resolving the lawsuit." *Id.* at *7.

As explained below, Amazon is wrong that (i) products that contain 18650 lithium-ion batteries but do not include the term "18650" in the product title or description and (ii) Amazon direct sales of relevant products through divisions or subsidiaries other than Amazon Warehouse Deals, are definitively excluded from the scope of Plaintiffs' case and the putative class, and outside the scope of jurisdictional discovery. Accordingly, Plaintiffs must be afforded targeted jurisdictional discovery into these areas as necessary to ascertain a broader universe of relevant products and Amazon's

---

[4] *Ignacio v. ADP Inc.*, 2014 WL 12639095, at *1 (C.D. Cal. Dec. 16, 2014) (same); *see also Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). "Whether to grant jurisdictional discovery 'is generally left to the discretion of the trial court." *Ignacio*, 2014 WL 12639095, at *1 (quoting *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). "Jurisdictional discovery in CAFA cases . . . should be 'sufficiently tailored' to lead to information concerning the jurisdictional issue." *Cram v. Electronic Data Systems Corp.*, 2007 WL 2904250, at *3 (S.D. Cal. Oct. 3, 2007).

PLAINTIFFS' MOTION TO COMPEL
JURISDICTIONAL DISCOVERY
(No. 2:21-cv-01083-JCC)

6

Cotchett, Pitre & McCarthy, LLP
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Telephone: (206) 802-1272

corresponding revenue from all direct sales of the same, which bears directly on the amount in controversy, in order to file an Amended Complaint.

### i. "Non-Title 18650 Products" Are Within the Scope of Plaintiffs' Case.

Amazon's view that this Court's May and July Discovery Orders limited the substantive scope of Plaintiffs' case to products with the term "18650" in their title or description is incorrect. Amazon's position is "Plaintiffs assert that the 'substantive scope of this case' goes beyond the boundaries established by the Court in its May 2022 and July 2022 *discovery orders*" and characterizes Plaintiffs' position as a "request to expand the scope of this action" and "to conclude that the putative class includes consumers who purchased . . . 18650 batteries and products containing those batteries that do not include the term '18650' in the product title or description." ECF No. 73 at 2, 4 (Amazon Reply ISO Mot. for Protective Order) (emphasis added). Amazon's primary argument against Plaintiffs' position is that it is "an improper and untimely motion asking the Court to reconsider its earlier *discovery orders*." ECF No. 73 at 5 (emphasis added). But Amazon mischaracterizes both the Court's "*discovery* orders" and Plaintiffs' position.

The Court's May and July Discovery Orders imposed boundaries on responsive products for purposes of "discovery supporting class certification" and in response to Amazon's argument that identifying "Non-Title 18650 Products" before certification would be unduly burdensome, as discussed above. *See* ECF No. 49 at 2–3; ECF No. 58 at 2. Those Orders, however, neither held nor suggested that the *substantive scope of the case* was so limited—rather, the thrust of the Court's Discovery Orders is that Amazon need not engage in more burdensome search efforts for "Non-Title 18650 Products" until if and when a class is certified, thus sparing Amazon those efforts if a class is not ultimately certified. Here, Plaintiffs seek to compel Amazon's responses to new *jurisdictional* discovery requests served pursuant to the Court's December Order allowing the same (ECF No. 74).

While Amazon may have succeeded in using its burden argument as a **shield** to Plaintiffs' first motion to compel, in limiting its identification of relevant products to those with "18650" in the title or description for purposes of pre-certification discovery, Amazon cannot now turn around and use the Court's Discovery Orders as a **sword** to dismiss Plaintiffs' Complaint. Plaintiffs had planned

PLAINTIFFS' MOTION TO COMPEL
JURISDICTIONAL DISCOVERY
(No. 2:21-cv-01083-JCC)

7

Cotchett, Pitre & McCarthy, LLP
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Telephone: (206) 802-1272

to wait until class certification to pursue a more comprehensive list of relevant products, in light of the Court's May and July Discovery Orders limiting pre-certification discovery into "Non-Title 18650 Products," but such discovery is now necessitated by Amazon's attack on the amount in controversy. Plaintiffs must emphasize the significance of Amazon's strategic gambit: Amazon cannot now argue that compiling a more comprehensive relevant products list is too burdensome, given that it is arguing that Plaintiffs' entire case should be dismissed. The identification of "Non-Title 18650 Products" (and Non-AWD sales as discussed below) is plainly jurisdictional discovery, as a more comprehensive list of relevant products is necessary for Plaintiffs to demonstrate a sufficient amount in controversy in response to *the challenge that Amazon itself has put squarely at issue*.

Moreover, Amazon's position has no merit. Amazon asserts that a product's energy capacity could not be falsely advertised unless the product's advertising also includes the term "18650." But the energy capacity of a product that is powered by 18650 lithium-ion batteries can be falsely advertised regardless of whether the product advertises that it includes "18650" batteries in particular. Amazon's argument simply ignores Plaintiffs' allegations in their Complaint in this respect, which are focused on false advertising about the *energy capacity* of products that are powered by 18650 lithium-ion batteries, not false advertising about the type of battery included in the product in and of itself.  For example, there is a difference between Amazon falsely advertising that a flashlight is powered by 18650 lithium-ion batteries when it is actually powered by AA batteries, as compared to Amazon advertising that a headlamp's energy capacity is 9,000 milli-amp hours ("mAh") when the actual capacity is lower than 3,800 mAh (the maximum possible energy capacity of an 18650 battery cell, *see* ECF No. 1 (Compl.) ¶ 27). Plaintiffs' case concerns the latter category of false advertising; Amazon's attempt to shift the Court's focus to the former is merely a red herring. Put simply, Amazon's argument improperly conflates the type of product at issue in Plaintiffs' case (those containing 18650 batteries) with the characteristic alleged to be falsely advertised (energy capacity).

Plaintiffs' Complaint is replete with allegations focused on *energy capacity* as the pertinent aspect of Amazon's false advertising at issue:

PLAINTIFFS' MOTION TO COMPEL
JURISDICTIONAL DISCOVERY
(No. 2:21-cv-01083-JCC)

8

Cotchett, Pitre & McCarthy, LLP
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Telephone: (206) 802-1272

- "Amazon makes with false and exorbitant capacity claims about the lithium-ion 18650 batteries that do not perform to their alleged capacity[.]" ECF No. 1 (Compl) ¶ 24.

- "Amazon's affirmative statements regarding alleged battery capacity . . . has the capacity to mislead Plaintiffs and the public into purchasing batteries that were deceptive[.]" *Id.* ¶ 25.

- "The energy capacity of a battery is one of the most important characteristics a consumer reviews to determine which battery to purchase. Amazon advertises the energy capacity of the battery sold in milli-amp hours (mAh)." *Id.* ¶ 26.

- "Consumers purchase higher capacity batteries from Amazon because they are attracted to the longer use duration of the batteries. Unfortunately, many of Amazon's claims are unsubstantiated, misleading, and completely deceptive." *Id.* ¶ 29.

- "Amazon knowingly conceals the capacity of these batteries . . . in order to mislead Plaintiffs and the public into purchasing batteries that are not as advertised." *Id.* ¶ 30

- "Amazon customers complain that the batteries fail to reach the claimed capacity, cost too much for their actual capacity . . . ." *Id.* ¶ 34.

Amazon's position is also controverted by the products purchased and alleged by the Named Plaintiffs themselves, at least some of which do not include "18650" in the product title or description. Indeed, Amazon has already admitted that *several of the alleged products purchased by Plaintiffs* "do not contain the word '18650' in the product description or title," as the Court also acknowledged in its May 20 Order. ECF No. 45 (Augustine Decl. ISO Opp. to Mot. to Compel); ECF No. 49 (May 20 Order) at 3. Amazon's assertion that the Court definitively excluded "Non-Title 18650 Products" from the substantive scope thus leads to the nonsensical sequitur that specific products purchased and alleged by the Named Plaintiffs are outside the scope of their own case. This paradoxical result of Amazon's position serves to highlight that the Court's May and July Discovery Orders imposed a pragmatic limitation the scope of responsive products for pre-certification discovery in response to Amazon's burden argument, rather than a substantive limitation on the scope of products encompassed by Plaintiffs' case and the putative class. Accordingly, the scope of the case, *as alleged in the Complaint* and as relevant to the amount in controversy inquiry at this stage of the litigation, includes "Non-Title 18650 Products."

PLAINTIFFS' MOTION TO COMPEL
JURISDICTIONAL DISCOVERY
(No. 2:21-cv-01083-JCC)

9

Cotchett, Pitre & McCarthy, LLP
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Telephone: (206) 802-1272

### ii. Amazon Direct Sales of Relevant Products Through Divisions or Subsidiaries Other than Amazon Warehouse Deals Are Within the Scope of Plaintiffs' Case.

Amazon also objects to Plaintiffs' jurisdictional discovery into Non-AWD Sales as beyond the scope of Plaintiffs' case. *See, e.g.*, Swope Decl. Ex. B at 2–3; Ex. D at 2–3; Ex. F at 2; Ex. H at 2–3. But, contrary to Amazon's argument, Plaintiffs have brought a Complaint against ***Amazon.com Inc***. (ECF No. 1 (Compl.) ¶ 12), and this includes all of its divisions and subsidiaries as a "direct seller" as held by the Court in its Order on Amazon's Motion to Dismiss, which provided that "direct sales" means "not on behalf of third parties" (*see* ECF No. 27 at 1 n.1). Moreover, Plaintiffs have submitted evidence that products they purchased and alleged were sold by Amazon.com Services LLC, as expressly stated on order detail invoices sent by Amazon to the Named Plaintiffs. *See, e.g.*, ECF No. 71-1 at 9 of 9 (Order Details Page for purchased product). Plaintiffs' Complaint is not limited to direct sales by only Amazon Warehouse Deals rather than Amazon as a direct seller more broadly. Amazon should be compelled to engage in discovery targeted at Amazon direct sales of relevant products by divisions and/or subsidiaries other than Amazon Warehouse Deals and Amazon's corresponding revenue from such sales, as this too is appropriate jurisdictional discovery tailored to the amount in controversy, so that Plaintiffs may file an Amended Complaint.

Further, case law holds that, for purposes of complying with Requests for Production pursuant to Rule 34, a party's production of documents is based on control. Amazon has control of its divisions and, as the parent corporation, also has control over its wholly owned subsidiaries. *See United States v. Int'l Union of Petrol. & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989); *HDT Bio Corp. v. Emcure Pharmas., Ltd.*, No. C22-0334JLR, 2022 WL 16835758, at *7 (W.D. Wash. Nov. 9, 2022) ("[A] parent corporation is deemed to have control over documents possessed by a subsidiary that the parent corporation owns or wholly controls.").

### B. Plaintiffs Are Entitled to the Requested Jurisdictional Discovery as Necessary to Rebut Amazon's Challenge to the Amount in Controversy.

Plaintiffs' requested jurisdictional discovery discussed herein is necessary for Plaintiffs to present evidence—as they must—establishing a legal possibility that the amount in controversy exceeds $5 million for CAFA subject matter jurisdiction. Amazon has presented its 1,953-ASIN

Responsive Products List and corresponding revenue figures as purported evidence that Plaintiffs fall short of the amount in controversy in light of Amazon's revenue derived from AWD sales of a limited subset of products. Plaintiffs' jurisdictional discovery is targeted at largely the same types of information, but regarding a broader set of relevant products and Amazon direct sales commensurate with the scope of Plaintiffs' case, as explained above. Such information is exclusively within Amazon's control; Plaintiffs have no other way to rebut Amazon's challenge. Additionally, Plaintiffs are entitled to limited depositional discovery aimed at confirming and verifying the completeness and accuracy of Amazon's relevant product searches and revenue data.

"The party invoking federal subject-matter jurisdiction bears the burden of establishing it." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013); *see also Martindale v. Megastar Fin. Corp.*, No. 2:20-cv-01983, 2022 WL 1129223, at *2 (E.D. Cal. Apr. 15, 2022) ("The burden of establishing the controversy rests upon the party asserting jurisdiction."). In this case, a CAFA action that has not been removed to the federal court, that burden entails showing "a legal possibility that [Plaintiffs] and [their] proposed class might recover more than $5 million dollars." *Bayol v. Zipcar, Inc.*, 2015 WL 4931756, at *7 (N.D. Cal. Aug. 18, 2015); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("The amount in controversy 'reflects the maximum recovery that the plaintiff could reasonably recover.'").

At this juncture, Plaintiffs have been (or will soon be) subjected to a factual attack on subject matter jurisdiction, rather than a facial one. *See Martindale*, 2022 WL 1129223, at *2 (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).[5] Plaintiffs' burden in resisting a factual attack on subject matter jurisdiction requires Plaintiffs to marshal supporting evidence. *Id.*; *see also Trepanier v. Progressive Direct Ins. Co.*, No. C12-0987-JCC, 2012 WL 12882865, at *1 (W.D. Wash. Sept. 19, 2012) (Coughenour, J.) ("When the amount in controversy is not clear from the face of the complaint, courts may consider 'summary judgment-type' evidence to determine

---

[5] "There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings." *Martindale*, 2022 WL 1129223, at *2 (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)).

PLAINTIFFS' MOTION TO COMPEL
JURISDICTIONAL DISCOVERY
(No. 2:21-cv-01083-JCC)

11

Cotchett, Pitre & McCarthy, LLP
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Telephone: (206) 802-1272

whether the amount reaches the jurisdictional minimum."). Thus, Plaintiffs should be afforded, at a minimum, the opportunity to conduct jurisdictional discovery as necessary to obtain the evidence that will be required for Plaintiffs to show a legal possibility that the amount in controversy—which includes attorney's fees and injunctive relief[6]—satisfies CAFA's $5 million threshold.

Here, where "Plaintiff has explicitly stated what jurisdictional discovery she seeks and 'the material facts of whether the minimum amount in controversy is met here are controverted and largely in the sole possession of the Defendant,'" the limited jurisdictional discovery requested by Plaintiffs is appropriate. *Martindale*, 2022 WL 1129223, at *3 (quoting *Spearman*, 2018 WL 3770052, at *3). Courts routinely grant jurisdictional discovery along the lines of that sought by Plaintiffs here.

For example, in *Morris v. Camden Development, Inc.*, 2018 WL 4156593 (C.D. Cal. Aug. 27, 2018), a wage and hour CAFA action, the Court discusses its compulsion of jurisdictional discovery including the defendant's production of "payroll data" and "payroll records" as needed to calculate the amount in controversy along with a deposition of "Defendant's Director of Payroll," which covered the defendant's processes for pulling the payroll data and records, who completed the process, what the data represents, and the capabilities of defendant's payroll software for pulling and analyzing data. *Id.* at *1–*2. Similarly, in *Martindale*, a CAFA action alleging that defendant charged unlawful convenience fees, the defendant moved to dismiss for an insufficient amount in controversy based on a declaration purporting to show a low total amount of such fees charged during the relevant period. 2022 WL 1129223, at *1, *3. The Court granted the plaintiff's requested jurisdictional discovery, *including a deposition* of the subject declarant regarding "the terms used and the searches performed to obtain the amount [Defendant] represents it collected," and to investigate whether the defendant "directly collected the Pay-to-Pay Fees or is indirectly benefitting from a subsidiary, related entity, or third-party vendor collecting such fees on its behalf." *Id.* at *3.

---

[6] *See Rodgers v. Central Locating Service, Ltd.*, 412 F.Supp.2d 1171 (W.D. Wash. 2006) (holding that the amount in controversy includes "the 'value' of injunctive relief," as "determined by calculating the defendant's cost of compliance"); *Berry v. Transdev Servs., Inc.*, No. C15-1299-RAJ, 2016 WL 11261499, at *4–*5 (W.D. Wash. Jan. 11, 2016) (amount in controversy takes attorney's fees into account).

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel.

Dated: February 22, 2023

**COTCHETT, PITRE & McCARTHY, LLP**

By: */s/ Karin B. Swope*
    KARIN B. SWOPE

KARIN B. SWOPE (WSBA # 24015)
kswope@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Telephone: (206) 802-1272
Facsimile: (650) 697-0577

NIALL P. McCARTHY (admitted *pro hac vice*)
nmccarthy@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

JEFFREY G. MUDD (admitted *pro hac vice*)
jmudd@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
Telephone: (310) 392-2008
Facsimile: (310) 392-0111

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION TO COMPEL
JURISDICTIONAL DISCOVERY
(No. 2:21-cv-01083-JCC)

13

Cotchett, Pitre & McCarthy, LLP
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Telephone: (206) 802-1272