THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES at DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG CROSBY and CHRISTOPHER JOHNSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | CASE NO. C21-1083-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to compel (Dkt. No. 78) and motion for relief from a deadline (Dkt. No. 85). Having reviewed the briefing and record, and finding oral argument unnecessary, the Court GRANTS in part and DENIES in part each motion for the reasons described below.

The same issue drives disposition of both motions: the boundaries of currently permissible discovery. This, in turn, is predicated on two things: (1) whether the complaint (Dkt. No. 1) implicates *all* advertised sales of 18650 rechargeable batteries (including products containing such batteries) or just those where "18650" is specifically referenced in the advertising, *i.e.*, title-18650 batteries, **and/or** (2) who allegedly advertised and sold them—multiple Amazon-controlled entities or just Amazon Warehouse Deals. (*See generally* Dkt. Nos. 78, 85.)

ORDER
C21-1083-JCC
PAGE - 1

The Court initially limited discovery in this matter to that necessary to support Plaintiffs' anticipated class certification motion. (Dkt. Nos. 49 at 2–3, 58 at 3.) When doing so, the Court provided no commentary on *which* Amazon-controlled entity's sales were implicated by the complaint. (*Id.*) And while the Court did initially limit discovery to advertised sales of title 18650 products, (*id.*), it did so as a convention to move the case forward and to reduce Defendant's pre-certification burden. The Court did not intend this limitation to be a ruling on the scope of Plaintiffs' pleaded claims.

Given the seeming confusion regarding the import of the Court's prior orders, and in light of the motions now before the Court, (*see* Dkt. Nos. 78, 85), the Court provides the parties its view of the nature of the claims asserted in the instant complaint. First, **the complaint implicates *only* advertised sales by Amazon Warehouse Deals**. (*See* Dkt. No. 1 at 5–6 (describing it as "responsible for the sale, advertising, and marketing of the . . . batteries at issue in this case.").) Second, **the complaint's allegations are not limited to title 18650 products**. Non-title 18650 products, *i.e.*, those containing 18650 batteries without an explicit reference to "18650" in the advertising, are also implicated, so long as they contain misleading assertions regarding energy capacity. (*See id.* at 8–18 (allegations of non-title advertised sales in general), 15–17 (allegations of non-title advertised sales *to Plaintiffs*).)

Defendant recently moved to dismiss, arguing that, to the extent the complaint only implicates Amazon Warehouse Deals' title 18650 advertised sales, the amount in controversy falls well below the Class Action Fairness Act of 2005's jurisdictional floor. (Dkt. No. 83 at 11–23.) Because this is a factual attack of Plaintiffs' jurisdictional allegations, Plaintiffs are entitled to jurisdictional discovery, specifically that discovery supporting the jurisdictional allegations contained within the complaint, *but* not new ones. See *Butcher's Union Loc. No. 498, United Food and Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). This is only fair, since Plaintiffs "bear[] the burden of establishing that the statutory requirements of federal jurisdiction have been met" and Defendant possesses information Plaintiffs need. *See Rodriguez*

*v. AT & T Mobility Services LLC*, 728 F.3d 975, 978 (9th Cir. 2013).

For this reason, the Court GRANTS Plaintiffs' motion to compel (Dkt. No. 78), at least with respect to discovery associated with allegedly offending sales by Amazon Warehouse Deals, and GRANTS Plaintiffs' motion for relief from a deadline (Dkt. No. 85), at least until Defendant produces the necessary jurisdictional discovery for Plaintiffs to respond to this factual attack. The Court hereby ORDERS as follows:

- Defendant is ORDERED to respond to Plaintiffs' jurisdictional discovery requests, to the extent relevant to Amazon Warehouse Deals' advertised sales of title ***and*** non-title 18650 rechargeable batteries or products containing such batteries, *so long as* the advertising includes a potentially dubious assertion regarding energy capacity.

- Defendant's motion to dismiss (Dkt. No. 83) is STAYED until Defendant certifies to the Court that it has complied with Plaintiffs' jurisdictional discovery requests (as ordered above), including a Rule 30(b)(6) deposition.

- Once Defendant produces the certification ordered above, Defendant is DIRECTED to renote its motion to dismiss (Dkt. No. 83) in accordance with LCR7(d) or withdraw it.

- Class discovery is STAYED pending completion of jurisdictional discovery and disposition of Defendant's motion to dismiss (Dkt. No. 83).

DATED this 17th day of March 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE