THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG CROSBY and CHRISTOPHER JOHNSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | CASE NO. C21-1083-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to compel and for sanctions (Dkt. No. 96) along with the parties' motions to seal (Dkt. Nos. 99, 109). Having duly considered the record and the briefing, the Court GRANTS in part and DENIES in part each motion for the reasons described below.

**A. Motion to Compel**

The Court has issued four discovery orders preceding the instant motion. (*See* Dkt. Nos. 49, 58, 74, 90.) Pursuant to those orders, Defendant must produce discovery responsive to Plaintiffs' jurisdictional requests, at least as they relate to Amazon Warehouse Deals' ("AWD") products containing 18650 rechargeable batteries, regardless of whether the battery type is stated within AWD's advertising (*i.e.*, "title 18650 batteries" and "non-title 18650 batteries"), so long as the advertising includes potentially dubious assertions regarding the batteries' energy

capacity. (*See id.*) In again moving to compel, Plaintiffs repeat their assertion that Defendant's search for sales of such products during the relevant time period[1] was deficient. (*See* Dkt. No. 96 at 10.) Specifically, Plaintiffs' take issue with two aspects of Defendant's search of its product catalogue (as described below), and additionally complain that Defendant's 30(b)(6) deponent was not prepared to respond to questions during his deposition. (Dkt. No. 96 at 12–14.).

As to the search, Defendant limited it to those products referencing "18650" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"). (Dkt. No. 115 at 9.) Nor did Defendant search its accompanying image catalogue for dubious energy claims, (*see* Dkt. No. 96 at 8), despite prior direction to do so. (*See* Dkt. No. 90 at 3.) At least with respect to the catalogue data search, Defendant asserts the method it employed, *i.e.*, first limiting its search to products with an "18650" reference, was the most logical way. (Dkt. No. 115 at 9.) This is because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.*)

1. <u>18650 Battery Search</u>

Again, the Court ordered Defendant to provide Plaintiffs with jurisdictional discovery relevant to AWD's sales of both title and non-title 18650 rechargeable batteries. (Dkt. No. 90 at 3.) The Court did not limit this order to sales of products with an "18650" stored as a value somewhere in AWD's catalogue. While Defendant's strategy correctly identifies those products, it does not do enough to capture the sales of all non-title 18650 batteries. Specifically, to the extent that there is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. No. 115 at 9), the Court does not view this as an excuse to avoid providing Plaintiffs with the discovery needed to

---

[1] This is presently limited to those products sold from May 4 through the complaint date of August 13, 2021.

1 establish this Court's jurisdiction over their claims.

2 As a result, Defendant must comply with its discovery obligation through one of two
3 means: First, Defendant may provide Plaintiffs with a detailed description of any ■
4 attribute that could hold information which indicates a product contains non-title 18650
5 batteries.[2] Plaintiffs, once equipped with a description of these attributes, would then need to
6 provide search terms to Defendant, and Defendant's custodians must then perform a search using
7 those terms.[3] Second, if this is overly burdensome, Defendant shall provide Plaintiffs with raw
8 catalogue data of all AWD sales during the relevant time period. See Fed. R. Civ. P.
9 34(b)(2)(E)(i). It would then be Plaintiffs' obligation to concoct a methodology to search for
10 potentially responsive products within this data, in its effort to support the jurisdictional
11 requirement(s) in this case.

12     2. Energy Capacity Image Searching

13 As the Court has previously ordered, Defendant must search for advertised energy
14 capacity in any of the text fields *or accompanying photos* of products sold by AWD during the
15 relevant period, if they contain title and/or non-title 18650 batteries. (*See* Dkt. No 58 at 3.) Yet,
16 Defendant has not done so. (*See* Dkt. No. 101-1 at 94.) Again, Defendant has two options. First,
17 after properly using Plaintiffs' search terms as directed above, Defendant must review all images
18 for those products and, to the extent they contain a claimed energy capacity, provide that image
19 to Plaintiffs. Second, if this is overly burdensome, Defendant shall provide Plaintiffs with all
20 images of products sold by AWD during the relevant time period. See Fed. R. Civ. P.

---

[2] This directive should be read broadly, but reasonably. For example, Defendant should be expected to provide information for an attribute relating to the manufacturer (*e.g.*, where the value "Dyson" might be stored for a Dyson vacuum). However, Defendant is not expected to provide information relating to a product's color, for example. At a minimum this must include all ■ attributes noted by Plaintiffs. (*See* Dkt. No. 100 at 11.)

[3] Similarly, this should also be reasonable as to not burden the Defendant. Plaintiffs must explain to Defendant why they think this search term may reasonably result in a successful search for products containing non-title 18650 batteries.

ORDER
C21-1083-JCC
PAGE - 3

34(b)(2)(E)(i). It would then be Plaintiffs' obligation to concoct a methodology to search for potentially responsive products within these images.

### 3. 30(b)(6) Representative

Plaintiffs argue Defendant's corporate representative was unprepared for a deposition relating to two topics in Plaintiffs' jurisdictional discovery request. (*See* Dkt. No. 96 at 12.) However, in the Court's view, the issue is relevance—not preparedness. Plaintiffs, in moving to compel, clearly believe that a Rule 30(b)(6) deponent is required to answer questions regarding Amazon's corporate structure and the operations of its branches other than AWD. (*Id.* at 13.) And they take issue with the fact that the designated representative, Ashkay Atwe, was unable to do so. (*Id.*)[4] But the Court fails to see how Amazon's overall organizational structure and/or the operations of non-AWD branches is relevant to determining how much revenue AWD generates from the sale of 18650 batteries with dubious energy claims.

### 4. Sanctions

As a sanction for Defendant's alleged failure to comply with this Court's prior orders, Plaintiffs ask the Court to extend the relevant time period subject to jurisdictional discovery. (Dkt. No. 96 at 14.) Indeed, sanctions are appropriate when a party fails to obey a discovery order. *See* Fed. R. Civ. P. 37(b)(2). But the situation here is more nuanced. Defendant did not *refuse* to search for non-title 18650 products; rather, it would seem its data systems do not ███████████████████. (*See* Dkt. No. 111 at 7–9.) And while Defendant failed to work collaboratively with Plaintiffs to fashion a work-around, this, alone, is not sufficient to warrant sanctions. Moreover, the Court notes that its jurisdiction depends on the state of things at the time of the action. *Mollan v. Torrance*, 22 U.S 537, 539 (1824). As such, there is no bases to

---

[4] The Court does not agree that Mr. Atwe "was unable to provide relevant information as to even the most basic matters concerning Amazon Warehouse Deals." (Dkt. No. 121 at 8.) All instances of Mr. Atwe's inadequacies as a 30(b)(6) deponent appear related to matters not directly related to AWD.

extend the subject time period, absent an amended complaint. *See Grupo Dataflux v. Atlas Glob. Grp. L.P.*, 541 U.S. 567, 570–71 (2004) (discussing the 'time-of-filing" rule).

### B. Motions to Seal

While the public has a common law right to inspect and copy public records, including those from judicial proceedings, these rights are not absolute. *Foltz v. State Farm Mut. Auto. Ins. Co.* 331 F.3d 1122, 1135 (9th Cir. 2003). So long as the Court finds there is "good cause" to preserve the secrecy of a discovery document attached to a non-dispositive motion, the common law right falls away. *Id.* Here, the parties stipulated to a protective order regarding the production of confidential material, which the Court endorsed. (*See* Dkt. No. 31.)[5] And portions of Plaintiffs' motion to compel, along with the related briefing and supporting declarations, contain the type of proprietary confidential information subject to the aforementioned protective order. For this reason, sealing those portions is warranted. However, Plaintiff filed under seal large portions of deposition transcripts for two of Defendant's Rule 30(b)(6) representatives, (Dkt. Nos. 101-1, 101-2). To the extent they discuss Defendant's proprietary financial information and/or sales data, along with how Defendant structures and must therefore construct searches of its data catalogue, they should remain sealed. But the remainder should not.

### C. Remedial Actions

Accordingly, the Court GRANTS in part and DENIES in part Plaintiffs' motion to compel (Dkt. No. 96) and the parties' motions to seal (Dkt. Nos. 99, 109) and ORDERS as follows:

- 18650 Battery Search – Defendant shall do one of the following within 15 days of this Order:

---

[5] "When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

- o Provide Plaintiffs with the names of all ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ it searched through to create the initial set of products. Once these names are received, Plaintiffs may seek descriptions from Defendant of any attribute it deems relevant to finding products that either are or contain 18650 rechargeable batteries. These descriptions, which shall be provided within 15 days of any request from Plaintiffs, must include the type of field (*e.g.*, freeform) in addition to an explanation of what data is stored in the field. Once Plaintiffs have had an opportunity to review these descriptions, they will then provide values for Defendant to search for in any of these attributes to create a subset of products that either are or contain 18650 rechargeable batteries. The resulting search must be completed, and the results remitted to Plaintiffs within 15 days of receiving the terms from Plaintiffs.
- o Provide Plaintiffs with *all* raw data related to every product sold during the relevant jurisdictional discovery period, so Plaintiffs may conduct their own search for potentially responsive products. This disclosure should include every product sold during the relevant time period, with every value in all ▇▇▇▇▇▇▇▇▇▇.
- Energy Capacity Image Search – Defendant shall do one of the following:
    - o After conducting the search for 18650 batteries as directed above, within 15 days, it shall review accompanying photographs for indications such products make any energy capacity related claims and provide those images to Plaintiffs.
    - o Provide Plaintiffs with all such raw images within 15 days of this Order so Plaintiffs can conduct their own search for responsive products.
- Sealed filings (Dkt. Nos. 101-1, 101-2) – Defendant shall do the following within

15 days:

- Review Mr. Atwe's and Mr. Spiezel's depositions and file redacted versions with the Court, based on the guidance above.[6]

DATED this 7th day of December 2023.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[6] The Court anticipates Mr. Spiezel's deposition will be heavily redacted while Mr. Atwe's deposition will contain far fewer redactions.

ORDER
C21-1083-JCC
PAGE - 7